## Brunwasser v. Dessy

*Allen N. Brunwasser*, for plaintiff.

*Waldo P. Breeden*, for defendant.

MONTGOMERY, J., September 11, 1956.—This case comes before the court upon the petition of Allen N. Brunwasser to set aside a debtor's exemption claim and for sanctions under rule 4019 of the Pennsylvania Rules of Civil Procedure. The petition recites, inter alia, that upon the above writ of execution, a 1949 Oldsmobile sedan was attached by the sheriff, that the sheriff was instructed to also levy upon all the other personal possessions of defendant, and although the sheriff made numerous attempts to levy upon defendant's personal effects, he was unable to do so because defendant through a course of conduct refused to allow the sheriff entry upon his premises, and thus prevented plaintiff from securing an additional levy upon the other personal effects which he owns. The petition further recites that the appraisal of the automobile made by the sheriff was done in an arbitrary fashion, setting a value far below that set

by plaintiff's appraiser; the petition then alleges that, the automobile is worth more than that determined by the sheriff

The petition further alleges that on November 30, 1955, plaintiff served upon attorney for defendant various interrogatories in order to ascertain where the assets of defendant are so that additional levy could be made It is contended by plaintiff in his petition that the answer to the interrogatories will enable him to levy on additional assets which will bring the total under levy well over $300, so that the motor vehicle will remain attached and salable by the sheriff on the above writ of execution

In its order of December 13, 1955, plaintiff petitioned this court to issue a rule to show cause as to why defendant's exceptions should not be set aside, which rule was refused. Plaintiff then filed another petition seeking to set aside the debtor's exemption, and on February 9, 1956, this petition was refused. In the order of February 9th, this court set forth the reasons for so refusing, that is, this court was of the opinion that the rules of discovery, particularly rule 4005, do not apply to discovery in aid of execution. It appeared to the court, as it still does, that discovery in aid of execution in such a case may be obtained under section 9 of the Act of June 16, 1836, P. L. 755, 12 PS §2231, which provides:

"It shall be lawful for the plaintiff, in any judgment for recovery of money obtained in any court of this commonwealth, to have a bill for the discovery of the real and personal estate of the defendant in such judgment."

Therefore, it would seem that plaintiff in these proceedings may resort to the above quoted act in order to determine defendant's assets which are subject to levy under the judgment. That the rules of discovery, particularly rule 4005, do not apply to discovery in

aid of execution would appear clear, since those rules provide for discovery only to aid in the preparation of the pleadings and preparation or trial of the case. Further, it would appear that the petition has no merit since the exemption has been approved, confirmed and allowed and the automobile released.

For the reasons as outlined above, plaintiff's petition must be refused.